# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| XAVIER LIGHTFOOT, | ) |
| Movant, | ) |
| v. | ) No. 08-00907-CV-W-FJG |
| | ) Crim No. 98-00149-01-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Currently pending before the Court is petitioner's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1).

## I. BACKGROUND

In 1999, Xavier Lightfoot and Cornelius Peoples were convicted of aiding and abetting the murder of a federal witness. In 2001, the Eighth Circuit reversed and remanded the case for a new trial. Prior to the second trial, Peoples pled guilty and cooperated with the Government. Prior to and during the trial, Lightfoot's counsel sought permission to cross-examine Peoples and Anthony Hunter about their roles in two unsolved Wyandotte County, Kansas murders. However, this request was denied both in writing before the trial and also during the trial. Following a nine day jury trial, Lightfoot was convicted of conspiracy to commit bank robbery, conspiracy to murder a federal witness and murder of a federal witness on August 2, 2005. Lightfoot was sentenced to a term of life in prison. Lightfoot appealed his conviction and specifically raised the exclusion of evidence relating to the Wyandotte County homicides. However,

the Eighth Circuit found no error and affirmed both the conviction and the sentence. United States v. Lightfoot, 483 F.3d 876 (8th Cir. 2007).

## II. STANDARD

28 U.S.C. § 2255(a) provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

## III. DISCUSSION

### A. Ineffectiveness of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at

2065-66. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' See Michel v. Louisiana, 350 U.S. 91,101, 76 S.Ct.158,164, 100 L.Ed.2d 83 (1955)." Id. Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. "Although the two prongs of the 'ineffective assistance' analysis are described as sequential, courts 'do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice.'" United States v. Vesey, No. C06-0075-MWB, 2009 WL 1324076, *5 (N.D. Iowa May 12, 2009) (citing Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999), cert. denied, 528 U.S. 1141, 120 S.Ct. 989, 145 L.Ed.2d 938 (2000)).

In his § 2255 motion, petitioner makes two allegations regarding the ineffectiveness of his trial counsel. First, Lightfoot argues that his counsel was ineffective for failing to properly pursue any deals or understandings that Peoples may have had with the Government about the uncharged Wyandotte County homicides. Secondly, he argues that his counsel was ineffective when he failed to make an offer of proof with regard to what Anthony Hunter's testimony would have been regarding the Wyandotte County homicides.

### B. Failure to Examine Peoples Regarding Any Deals or Understandings He Had With the Government.

In his motion, Lightfoot states that Peoples told law enforcement officers that the

Wyandotte County murders had been committed by Hunter and that he had helped Hunter dispose of the bodies and the weapon. Lightfoot states that this was potentially relevant to his case. The Eighth Circuit noted in its opinion:

> When Peoples was questioned about the murders outside the presence of the jury, he stated that he had not been charged in the double homicide and that he had never been asked to provide testimony about Hunter's involvement. Lightfoot did not ask Peoples about any deals or understandings he may have had with the government about these murders.

Id. at 882. The Eighth Circuit found that because Lightfoot was able to establish Hunter and People's hopes for leniency as their motivation for testifying though other means, that this Court did not err in excluding testimony regarding the Wyandotte County murders. Thus, because his attorney was able to bring out Peoples' motivation for testifying through other means, counsel's failure to ask Peoples about any deals or understandings with the Government was not unreasonable.

### C. Failure to Make an Offer of Proof Regarding Hunter's Testimony About the Wyandotte County Homicides.

Lightfoot states that Anthony Hunter claimed that he had not committed the Wyandotte County murders, but rather it was Peoples and another individual. Lightfoot states that if his counsel had properly pursued an offer of proof with regard to Hunter's testimony, it would have revealed that Peoples and Hunter had attempted to frame each other for the Wyandotte County murders.

Lightfoot states that his counsel admitted in an affidavit that he did not make an offer of proof with regard to the testimony of Anthony Hunter or Cornelius Peoples and that he had no strategic or tactical reason for not doing so. (Exhibit A to Doc. # 4). However, it should be noted that this issue was briefed before trial began and

4

Lightfoot's counsel raised the issue again during the course of the trial. On July 26, 2005, Cheryl Pilate orally argued the issue before the Court. (July 25, 2005 Trial Transcript, p. 589-594). The Government responded stating that the Wyandotte County homicides were "uncharged criminal conduct that's separate and apart from anything related to this case, to this conspiracy, to this particular homicide. It's not even related to the dates and times pertinent to this homicide." (July 25, 2005 Trial Transcript, 594). This Court ruled on Ms. Pilate's renewed argument stating: "I don't require rebuttal on this, Ms. Pilate. We have discussed this. I have read the cases. The court has wide latitude in this area and the court continues to believe that it's improper and will so order." (July 25, 2005 Trial Transcript, p. 595). Lightfoot argues that by not making an offer of proof on this issue, the Eighth Circuit was prevented from considering this issue. However, this is incorrect. The Eighth Circuit considered Lightfoot's argument that the District Court had erred in excluding this testimony and extensively discussed the issue. However, the Eighth Circuit concluded that:

> Because Lightfoot was able to establish Hunter's and Peoples's hopes for leniency as their motivation for testifying in this case through other means, the district court did not abuse its discretion in precluding examination regarding collateral and uncharged prior bad acts and speculative, unspoken agreements between the government and the witnesses.

Id. at 882. Lightfoot also argued on appeal that this evidence should have come in because Hunter and Peoples told mutually inconsistent stories about the double homicides, so one of them must of been lying and the jury was entitled to know this.

However, the Eighth Circuit stated:

5

> As noted earlier, however, Lightfoot did not pursue an offer of proof with regard to Hunter's testimony, and it is therefore not clear what Lightfoot would have been able to accomplish had he examined Hunter on this matter. Moreover, because Hunter's statements to the police concerning the homicides predated his plea agreement in this case, it is questionable whether lies he may have told about the homicides would be probative of his compliance with the plea agreement in the Ross homicide case. . . . In sum, because there is little indication that an examination of Peoples or Hunter on the Wyandotte County double homicides would have yielded anything fruitful for the defense and the potential for undue prejudice and jury confusion was substantial, the district court did not abuse its discretion in precluding Lightfoot from pursing this line of inquiry.

Id. at 883.

As noted above, in order to show that his counsel was ineffective, Lightfoot must show that his counsel's performance fell below an objective standard of reasonableness. Lightfoot argues that his counsel should have made an offer of proof regarding Anthony Hunter's testimony. However, his counsel raised the issue both before and during trial. Additionally, the issue was raised on appeal and considered by Eighth Circuit. Even if Lightfoot's counsel had insisted on making an offer of proof as to Hunter's testimony, it is doubtful that this would have changed anything. The Eighth Circuit noted that in Hunter's recorded witness statement, he does not accuse Peoples of the murders. Id. at 882. Additionally, the Eighth Circuit noted that Hunter's statements to the police concerning the murders predated his plea agreement, so the Eighth Circuit noted that it is questionable whether any lies Hunter told would be probative of his compliance with the plea agreement. Even if the Court were to assume that failure to make the offer of proof was unreasonable, Lightfoot has not shown that he was prejudiced by this. In order to show prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

6

proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2068. The Court in Strickland defined reasonable probability as "a probability sufficient to undermine confidence in the outcome" of the trial. In the instant case, even if the Court had allowed Lightfoot's counsel to make an offer of proof as to Hunter's testimony, it is highly unlikely that this would have changed the outcome of the trial. The jury learned during the course of the trial that Hunter had a prior conviction for aggravated robbery and that he had been an "enforcer" in a street gang. Hunter also acknowledged that he had pled guilty to aiding and abetting Ross's murder pursuant to a plea agreement and that he had received a sentencing reduction. So, Lightfoot's counsel had already introduced evidence which cast doubt on Hunter's credibility and showcased his motive for testifying. It is doubtful that further questioning of Hunter on uncharged and unrelated homicides in Wyandotte County would have changed the outcome of Lightfoot's trial. At best, the evidence would have been only cumulative. Accordingly, the Court does not find that Lightfoot has shown that his counsel was ineffective for failing to make an offer of proof as to Anthony Hunter's testimony relating to the Wyandotte County homicides.

Additionally, the Court does not find that an evidentiary hearing is necessary in this case. "A district court does not err in dismissing a movant's § 2255 motion without a hearing if (1) the movant' 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. United States, 447 F.3d 1130,1132 (8th Cir. 2006) (citing Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199, 124 S.Ct.

1460, 158 L.Ed.2d 116 (2004)). The Court finds that no hearing is necessary in this case, because even if petitioner's allegations are true, and Lightfoot's counsel were ineffective for failing to make an offer of proof or question witnesses further, petitioner would not be entitled to relief. As noted above, if admitted the evidence would only have been cumulative. The jury was already aware of the backgrounds and motivations of Peoples and Hunter. Therefore, because the allegations, even if true, would not entitle the petitioner to relief, there is no need for an evidentiary hearing.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1).

Date: February 3, 2010
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge